UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

JAMES SHORR,

                                 Plaintiff,

                                                                              Case # 22-CV-6005-FPG

v.

                                                                              DECISION AND ORDER

THE CITY OF ROCHESTER, et al.,

                                 Defendants.
───────────────────────────────────────

## INTRODUCTION

This is one of many cases pending before the Court that arises out of protests that erupted in the City of Rochester in September 2020 following the release of news that Daniel Prude, an unarmed black man, died during an encounter with police in March 2020. Plaintiff James Shorr—a protestor who alleges he was injured and handcuffed during the protests—filed this action in state court against the City of Rochester ("City"), Rochester Police Department Officers Matthew Lucero, Randy Potuck, Jeremy Robinson, Richard Rodriguez, and John Doe Police Officers 1-200 ("RPD Officers") for multiple federal and state claims. Defendants removed the case to federal court on January 6, 2022. ECF No. 1.

Plaintiff raises nine claims in the Complaint: (1) municipal/*Monell* liability against the City for alleged violations of the First, Fourth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (2) excessive force against RPD Officers, pursuant to § 1983; (3) assault and battery against all Defendants, pursuant to New York State law; (4) unlawful seizure/false arrest against RPD Officers, pursuant to § 1983; (5) unlawful seizure/false arrest against Defendants, pursuant to New York State law; (6) evidence fabrication/denial of fair trial against RPD Officers, pursuant to § 1983; (7) malicious prosecution against RPD Officers, pursuant to § 1983; (8) First Amendment

1

infringement and retaliation against all Defendants, pursuant to § 1983; and (9) failure to intervene against RPD Officers, pursuant to § 1983.

On February 4, 2022, Defendants filed a motion to dismiss the Eighth and Ninth Claims. ECF No. 2.  The motions are now fully briefed.

## FACTUAL BACKGROUND

Plaintiff participated in large public demonstrations on the night on September 3, 2020. That night, a group of peaceful protestors assembled in front of the Public Safety Building ("PSB") in the City.  Plaintiff arrived at the PSB at around 9:00 p.m., by which point law enforcement already closed the road in front of the PSB to vehicular traffic.  ECF No. 1-2 ¶¶ 15.  Plaintiff, who was standing in the back of the crowd, began chanting and singing with the crowd.  *Id.* ¶ 17.  However, RPD Officers sprayed the peaceful protestors with pepper spray and shot them with pepper balls.  *Id.* ¶ 18.  Between 9:00 p.m. and 10:30 p.m., RPD Officers shot Plaintiff with pepper balls at least three times and sprayed him with pepper spray, without justification, because he trying to shield and protect the "street medics."  *Id.* ¶¶ 19-20.

At some point, Plaintiff was given an umbrella to block pepper balls.  *Id.* ¶ 23.  He moved to the front of the crowd in an attempt to shield other protestors.  *Id.* ¶ 24.  Without justification, RPD Officer rushed the protestors and struck them with batons and sprayed pepper balls and chemical irritants at them.  *Id.* ¶¶ 26-27.  At that point, Plaintiff was standing on the sidewalk holding the umbrella.  *Id.* ¶ 28.  He was "struck by several pepper balls in his shoulder, hip and back, and was blinded by the chemicals from the pepper balls."  *Id.* ¶ 29.  Because he could not see, Plaintiff did not see the police rushing towards him and he was seized by Lucero.  *Id.* ¶¶ 30-31.

Lucero kicked an orange traffic barrel into Plaintiff, grabbed him, and, with the help of Potuck and Rodriguez, "slammed his body onto the ground." *Id.* ¶¶ 32-33. Even after Plaintiff was detained on the ground, RPD Officers "struck him multiple times with their hands and batons" and punched him in the face. *Id.* ¶¶ 44-45. Robinson "administered a knee strike" to Plaintiff's left hip. *Id.* ¶ 46. Although Plaintiff never resisted arrest, Potuck, Rodriguez, and Robinson later falsified official police paperwork, stating that Plaintiff had. *Id.* ¶¶ 34-43, 48. RPD Officer then handcuffed Plaintiff and "violently" pulled Plaintiff to his feet and escorted him to the PSB to process him. *Id.* ¶¶ 51-52.

Plaintiff was detained at the PSB for several hours. *Id.* ¶ 55. During that time, Lucero "filled out an accusatory instrument that falsely charged" Plaintiff with disorderly conduct and resisting arrest. *Id.* ¶ 56. That accusatory instrument was forwarded to the District Attorney for prosecution. *Id.* ¶ 57. Plaintiff made five appearances in criminal court before Judge Teresa Johnson granted Plaintiff's motion to dismiss on April 10, 2021, concluding that the accusatory instrument failed to allege that Plaintiff had committed any crime. *Id.* ¶¶ 63-64.

Due to Plaintiff's injuries, he was transported to the hospital for treatment. *Id.* ¶ 60. As a result of RPD Officers' use of excessive force, Plaintiff has sustained serious and permanent injuries. *Id.* ¶ 60.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when the plaintiff pleads facts sufficient to allow the Court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* In reviewing a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). At the same time, the Court is not required to credit "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . [with] a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal citations and quotations omitted). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

**I.   Eighth Claim: First Amendment Infringement & Retaliation – All Defendants**

The Complaint advances two theories of First Amendment liability: (a) that Defendants "retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment" and (b) that Defendants "imposed restrictions on such protected speech and/or conduct that violated Plaintiff's First Amendment rights, including, but not limited to subjecting Plaintiff to excessive force, in arresting and prosecuting [P]laintiff, in selectively enforcing laws and regulations against Plaintiff, and in otherwise violating Plaintiff's rights." ECF No. 1-2 ¶ 122. Both theories are premised on Defendants' retaliation for Plaintiff expressing his views.

To plead a First Amendment retaliation claim a plaintiff must show: "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).

Defendants argue that Plaintiff's allegation that he was engaging in a protected activity is "belied by his allegation that he was holding an umbrella and not moving pursuant to a lawful order as officers advanced on a dangerous crowd advancing on barricades in front of the" PSB. ECF No. 2-3 at 4.  The Court is unclear how holding an umbrella bears on whether Plaintiff was engaging in a protected activity.  Plaintiff alleges that he did not fail to comply with any order and that he was using the umbrella to shield other peaceful protestors from law enforcement attacks.

Defendants also suggest that Plaintiff has not established any constitutional injury because he has not alleged that he was unable to protest or stopped protesting because of any action taken by RPD Officers.

However, Plaintiff indeed alleges that Defendants' actions prevented him from further protesting on the night he was arrested.  ECF No. 1-2 ¶ 157.  At the very least, Plaintiff was unable to protest while he was in police custody "for approximately 2-4 hours." *Id.* ¶ 58.

In addition, "[t]he type of allegations necessary to satisfy the injury element of a First Amendment retaliation claim vary depending on the factual context." *Morales v. Valley Stream Union Free Sch. Dist. 24*, 527 F. Supp. 3d 470, 474 (E.D.N.Y. 2021) (quoting another case).  As a result, "[c]hilled speech is not the *sine qua non* of a First Amendment claim. A plaintiff has standing if he can show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Dorsett*, 732 at 160 (emphasis in original).

Here, Plaintiff alleges that he was physically injured based on his views of policing.  ECF No. 1-2 ¶ 18.  Viewed in the light most favorable to Plaintiff, at this stage, the Court concludes that such physical injuries are "some other concrete harm" and therefore meet the causation requirement.  Therefore, Defendants' motion to dismiss the Eighth Claim is denied.

**II.     Ninth Claim: Failure to Intervene – RPD Officers**

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Allen v. City of New York*, 480 F. Supp. 2d 689, 694 (S.D.N.Y. 2007) (quoting another source).  To state a claim against an officer for his or her failure to intervene, a plaintiff must allege facts demonstrating that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) [the officer knew] that the victim's constitutional rights were being violated; and (3) the officer [did] not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008).

RPD Officers argue that a failure to intervene claim cannot lie against law enforcement officers who also engaged in that constitutional violation.  ECF No. 2-3 at 4-5.  Essentially, RPD Officers urge the Court to dismiss the failure to intervene claim because they could not possibly have committed the underlying constitutional violations (such as excessive force and false arrest) while they simultaneously failed to intervene to prevent those same violations.

That is a misreading of the facts and law.  Plaintiff alleges multiple constitutional violations, and it is possible that a defendant directly participated in one constitutional violation while he failed to intervene in another.  Moreover, "the plaintiff is allowed to plead in the alternative" and "the alternative claims need not be consistent." *Breton v. City of New York*, 404 F. Supp. 3d 799, 814 (S.D.N.Y. 2019) (declining to dismiss failure to intervene claim on the basis that defendant "directly participated in both the arrest and prosecution and therefore could not have intervened").

## CONCLUSION

For the reasons explained above, the Defendants' motion to dismiss, ECF No. 2, is DENIED.  The following claims may proceed:

(1) municipal/*Monell* liability against the City for alleged violations of the First, Fourth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983;

(2) excessive force against RPD Officers, pursuant to § 1983;

(3) assault and battery against all Defendants, pursuant to New York State law;

(4) unlawful seizure/false arrest against RPD Officers, pursuant to § 1983;

(5) unlawful seizure/false arrest against Defendants, pursuant to New York State law;

(6) evidence fabrication/denial of fair trial against RPD Officers, pursuant to § 1983;

(7) malicious prosecution against RPD Officers, pursuant to § 1983;

(8) First Amendment infringement and retaliation against all Defendants, pursuant to § 1983; and

(9) failure to intervene against RPD Officers, pursuant to § 1983.

A status conference is scheduled in all protest-related cases for July 21, 2022, at 3:00 p.m.

IT IS SO ORDERED.

Dated: June 30, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York